# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7808 | **DATE** | 12/4/2001 |
| **CASE TITLE** | Moore vs. Massanari | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]  Enter Memorandum Opinion and Order: Plaintiff's motion for remand is granted [15-2]. Plaintiff's motion for summary judgment [15-1] and defendant's cross motion for summary judgment are denied as moot. This case is reversed and remanded to the Commissioner for further proceedings consistent with this opinion. |
| (11) | ■ | For further detail see order attached to the original minute order. |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 05 2001 date docketed | |
| | Notified counsel by telephone. | | | 20 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12/4/2001 date mailed notice | |
| KF | courtroom deputy's initials | 01 DEC -4 PH 2:52 Date/time received in central Clerk's Office | KF mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MONEY MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>LARRY G. MASSANARI, Acting<br>Commissioner of Social Security,<br><br>    Defendant. | No. 00 C 7808 |

**DOCKETED**
DEC 0 5 2001

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

The plaintiff, Money Moore ("Moore") has brought a motion for summary judgment seeking judicial review of the final decision of the Commissioner of Social Security, who denied her claim for Supplemental Security Income ("SSI"). Defendant has filed a cross motion for summary judgment asking that we uphold the decision of the Administrative Law Judge ("ALJ") who originally heard the case, and the Appeals Board which declined to review the ALJ's decision. We have jurisdiction to hear this matter pursuant to 42 U.S.C. § 405(g) and for the following reasons we reverse and remand this case to the ALJ.

## Procedural History

Moore filed for SSI on June 13, 1996 claiming a disability due to diabetes and pancreatic problems dating back to February 22, 1996. (R. 76, 78). Her claim was denied initially and then again after her request for reconsideration. (R. 59, 63). On June 9, 1998, plaintiff – who appeared without counsel – participated in a hearing

before ALJ Rita Eppler regarding the denial of her claim for benefits. (R. 20). Both Moore and a vocational expert ("VE") testified. On September 21, 1998, Eppler issued a written opinion denying Moore's claim. (R. 12-27). In her opinion, Eppler applied the five step sequential evaluation process required by 20 C.F.R. 404.1520 and 416.920 (R. 14), and concluded that Moore was not disabled pursuant to the Social Security guidelines because there were jobs in the economy that she could perform despite her physical limitations. (R. 16, 17). Moore then appealed the decision to the Appeals Council, which denied her request for review on October 17, 2000. (R. 4-5). Thus, the ALJ's decision became the final decision of the Commissioner of Social Security. *See Zurawski v. Halter*, 245 F.3d. 881 (7th Cir. 2001).

**Legal Analysis**

The major issue to be decided in this case is whether there are jobs in the economy that the plaintiff can perform, and whether the testimony of the vocational expert regarding available jobs was sufficient. The Social Security Act (the "Act") sets forth a five step process to be used to determine whether an individual is disabled, and thus unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental ailment. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual is considered disabled only if he is neither able to perform any of his previous work nor any other work existing in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e),(f), 416.920(e)(f).

In making her determination, the ALJ applied the standard five step process set forth in the regulations, which required her to evaluate, in sequence; 1) whether the

claimant is currently [un]employed; 2) whether the claimant has a severe impairment; 3) whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. §404, Subpt. P, App. 1 ("Listing"); 4) whether the claimant cannot perform [her] past relevant work; and 5) whether the claimant is unable to perform work in the national economy. *See, Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) *cited in Zurawski v. Halter*, 245 F. 3d 881 (7th Cir. 2001). Under the five part sequential analysis, "[a]n affirmative answer leads to either the next step, or on Steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than Step 3, ends the inquiry and leads to a finding that the claimant is not disabled." *Zalewski v. Heck*, 760 F.2d 160, 162 n.2 (7th Cir. 1985).

The inquiry the Court must undertake when asked to review an ALJ and Commission decision is whether that decision is supported by substantial evidence. *See, e.g., Kendrick v. Shalala*, 998 F.2d 455, 458 (7th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not decide facts anew, re-weigh the evidence, or substitute its judgment for that of the ALJ. *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000).

In this case, the ALJ found that Moore suffered from a severe impairment but that she was not disabled at Step Three based on the Listing. (R. 16). The ALJ also determined that Moore had not held gainful employment in the relevant past and thus she had no transferable skills, and that based on her medical and educational history

3

she was capable of performing a limited range of unskilled light work.[1] (R. 16).

The parties agree that the ALJ was correct in deciding this case at Step Five of the sequential process, where the burden shifts to the Social Security Administration to show by substantial evidence that there are jobs in the economy that the claimant can perform, given her age, education, work experience and physical limitations. (R. 14-15). In determining that the plaintiff's ability to perform light work had certain limitations, the ALJ found that Moore could only stand for 60-90 minutes at a time and no more than a total of 90 minutes in single eight-hour work day. She also found that Moore could walk for up to two hours at a time, for a total of four hours in a work day and sit for two or three hours at a time, or for four and one-half hours in a work day. Finally, the ALJ found that Moore was limited to lifting no more than ten pounds. (R. 16). After making these findings, the ALJ adopted the testimony of the VE that Moore could perform the jobs of amusement and recreation attendant, library assistant, or restaurant hostess.[2] (R. 17).

---

[1] Plaintiff does not disagree with the ALJ's assessment that she was able to perform light work with certain limitations, so we do not need to set forth the medical evidence that was presented at the hearing. Although plaintiff does raise the issue that the ALJ should have provided her with more assistance in obtaining some of her medical records, her medical condition is not really at issue in this case, and thus, the ALJ's possible lack of assistance does not affect our decision.

[2] In making up a hypothetical for the VE to use to analyze the plaintiff's job prospects, the ALJ relied first on two residual functional capacity ("RFC") examinations that the plaintiff underwent prior to the hearing. (R. 147-164). Both of these examinations determined that the plaintiff could perform medium work. However, the ALJ asked the VE to account for the plaintiff's testimony about her limitations, and based on that testimony, the VE opined that Moore was limited to less than the full range of light work. (R. 52). The ALJ accepted this characterization of Moore's abilities and Moore does not challenge that finding. Additionally, the VE testified that Moore could also perform the job of teacher's aid (R. 52 although the ALJ does not list this job in her findings. (R. 17).

4

Moore complains that the jobs suggested by the VE at the hearing are not actually in the category of unskilled light work, and that there is no evidence in the record that there are such jobs that she can perform existing in the economy. Specifically, Moore argues that the jobs the VE suggested she could perform – restaurant hostess, amusement park attendant, teacher's aid, and library assistant – are listed in the Dictionary of Occupational Titles, U.S. Dept. of Labor, Employment and Training Admin. (4th ed. Rev. 1991) ("DOT") as either involving skilled work or having physical requirements beyond her agreed limitations. Moore notes that the "Specific Vocational Preparation" ("SVP") level for each job suggested by the VE indicates that none of the jobs are unskilled. SVP ratings are used by the DOT to classify jobs into certain skill levels. Unskilled work has an SVP of 1-2, which means it requires 30 days or less to learn. Semi-skilled work has an SVP of 3-4 and requires 30-90 days to learn, and skilled work has an SVP of 5-6 and requires 90 days or more to learn.

It is true that none of the VE's recommended positions appear to have an SVP of 1 or 2. A library assistant has an SVP of 5, a restaurant hostess has an SVP of 6 and a teacher's aid has an SVP of 3. Determining the skills needed for the Amusement and Recreation Attendants job is more complicated. As Moore points out, this "position" is actually an entire category of different jobs in the DOT. Some of the jobs in this category meet the plaintiff's physical and skill requirements,[3] and some do not.[4] The

---

[3] For example, an amusement park arcade attendant job or a pool hall racker both require light work and have an SVP of 2.

[4] For example, a golf range attendant requires medium work and has an SVP of 2, a ride operator or fun-house operator requires light work and has an SVP of 3, and a
(continued...)

5

problem is that the VE provided the total number of available "amusement and recreation attendant" jobs (8,000) but did not break down that number into jobs that Moore could do and those she could not do. We cannot imagine that some of the possible jobs exist in any great numbers in the economy, as the category includes such positions as "cardroom attendant", "weight guesser", and "riding silks custodian". Without more information regarding the specific amusement attendant jobs that Moore could perform, and how many exist in the economy, we do not have enough evidence to support the ALJ's finding that Moore could hold the job of recreation and amusement attendant.

We are left to decide whether the conflict between the VE's testimony that Moore could perform the positions of library attendant, teacher's aid, or restaurant hostess, and those jobs' SVP ratings is enough to compel a remand. There is a question in the Seventh Circuit about whether an ALJ is entitled to rely on the testimony of a VE even if such testimony is inconsistent with the DOT. *Compare Powers v. Apfel*, 207 F.3d 431, 436-37 (7th Cir. 2000) (holding that an ALJ is allowed to rely on VE testimony that conflicts with the DOT categorization of work as light or sedentary)[5] *with Young v. Sec'y of Health and Human Services*, 957 F.2d 386, 391-92 (7th Cir. 1992) (remanding case because of VE conflict with job descriptions in the DOT) *and Tom v. Heckler*, 779 F.2d

---

[4](...continued)
gambling dealer has an SVP of 5.

[5] We do not believe *Powers* is good precedent because it relied on *Young*, *infra*, for the proposition that an ALJ could rely on a VE's testimony over conflicting information listed in the DOT. However, *Young* holds just the opposite, and ordered a remand because, *inter alia*, the VE's testimony did not "jibe with standard references." 957 F.2d at 394.

1250, 1254-55 (7th Cir. 1985) (same).

After reviewing all of the case law, as well as the VE Eppler's actual testimony at the hearing, we determine that a limited remand is necessary. In this case, we do not have enough evidence to determine how the VE concluded that the hostess, library assistant and teacher's aid jobs were unskilled. Upon questioning from the ALJ, the VE first identified those jobs that required only the limited range of light work that Moore could perform, and came up with the hostess, library and recreation positions.[6] (R. 52). Next, the VE provided the ALJ with the total number of light unskilled jobs in the economy (450,000) and calculated the percentage taken up by the jobs she listed for Moore (6% or 28,000 jobs, including all four positions). Although the VE refers to the "light unskilled job base" (R. 54), it is not evident from her testimony that the positions she lists actually do constitute unskilled work. Given the fact that she also testified incorrectly that the recreation and amusement attendant category of jobs was actually a single position, we cannot rely on her testimony to determine whether all of the jobs within the library assistant, hostess and teacher's aid categories are unskilled, or only a subset of them fulfill Moore's skill requirement.[7]

Our holding is actually supported by the Commissioner's quote of Social Security Regulation 00-4p which states that the DOT merely lists the maximum requirements for particular occupations as generally performed, "not the range of requirements of a

---

[6] It appears that the VE was also going to list teacher's aid as an available light job at this point, but the ALJ interrupted her in order to take notes.

[7] Additionally, 20 C.F.R. §§ 416.968, 404.1568 states that for classifying occupations as skilled, semi-skilled or unskilled, materials published by the Department of Labor (such as the DOT) are to be utilized.

7

particular job as it is performed in specific settings. A VE, VS, or other reliable source of occupational information may be able to provide more specific information about jobs or occupations that the DOT." That may be true, but in this case, we do not have such specific information from VE Eppler. The Commissioner argues that we can use common sense to determine that many hostess jobs can be learned in less than the two years its SVP rating of 6 indicates. Again, this may be true, but we have no evidence in the record regarding how many of those "unskilled" hostess or other jobs actually exist in the economy. Because we have no evidence regarding the true number of unskilled, limited light-work positions that existed in the economy which Moore could perform, we must remand this case back to the ALJ for the limited purpose of adducing additional testimony on available jobs. It is so ordered.

Michael T. Mason
United States Magistrate Judge

Date: December 4, 2001