# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7808 | **DATE** | 4/25/2002 |
| **CASE TITLE** | Money Moore vs. Jo Anne B. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, plaintiff's motion for attorneys' fees [22-1] is granted. Ms. Moore's attorney is entitled to an award of $1,412.50, along with the additional reasonable fees incurred preparing the briefs in connection with the fee petition. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 25 2002 date docketed | |
| | Docketing to mail notices. | | | 26 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/25/2002 date mailed notice | |
| KF | courtroom deputy's initials | 02 APR 25 AM 11:16 Date/time received in central Clerk's Office | KF mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MONEY MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 00 C 7808 |
| vs. ) | |
| ) | |
| JO ANNE B. BARNHART, Acting ) | |
| Commissioner of Social Security ) | DOCKETED |
| ) | APR 2 5 2002 |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Plaintiff, Money Moore, was denied Supplemental Security Income benefits ("SSI") by an administrative law judge ("ALJ"); the Commissioner of Social Security's Appeal's Board upheld the denial. On December 4, 2001, this Court reversed the decision of the Commissioner and remanded the case back to the ALJ to adduce additional testimony regarding the number of jobs available in the local economy that fit plaintiff's physical limitations. Plaintiff has now filed a motion for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). As we explain below, we grant plaintiff's motion and award her $1,412.50 in attorneys' fees.

Under the EAJA, a prevailing party other than the government is entitled to attorneys' fees if the position of the Commissioner was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Moore is a prevailing party because her case was disposed of pursuant to sentence four of 42 U.S.C. 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 296-297 (1993). The Commissioner's position is substantially justified "if a reasonable

person could think it correct, that is, if it has a reasonable basis in law and fact." *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994) *cited in Corder v. Massanari*, No. 00 C 2714, 2001 WL 1355986 (N.D.Ill., Nov. 1, 2001) (citations omitted). Demonstrating substantial justification requires that the government show "that its position was grounded in 1) a reasonable basis in truth for the facts alleged; 2) a reasonable basis in law for the theory propounded; and 3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) *citing Phil Smidt & Son, Inc., v. NLRB,* 810 F.2d 638, 642 (7th Cir. 1987), internal citations omitted.

It is the government's burden to prove its position was substantially justified, and in this case, we find that it was not. We remanded the case because we found that the ALJ did not have enough vocational evidence before her to determine that there were a significant number of jobs in the national economy that Moore could perform. Specifically, the Vocational Expert ("VE") who testified for the government made several mistakes about the skill and exertional levels of the jobs she stated that Moore could perform. Because the ALJ relied on the VE's mistakes, her finding that there were jobs in the economy that Moore was able to perform was not supported by the evidence.

The Commissioner's briefs both on its motion for summary judgment and on the instant motion demonstrate that it did not have substantial justification for its position. Specifically, the government's arguments did not conform to case law and Social Security Rulings regarding the weight to place on the Dictionary of Occupational Titles ("DOT") versus the testimony of a VE. Although our opinion stated that Seventh Circuit cases were in conflict about whether an ALJ could rely on VE testimony that differed from the DOT, we

2

noted in a footnote that in fact, there was no true conflict because one of the cases actually misconstrued the other. See Powers v. Apfel, 207 F.3d 431, 436-37 (7th Cir. 2000) (holding that an ALJ is allowed to rely on VE testimony that differs from the DOT, but incorrectly relying on Young v. Sec'y of Heath and Human Services, 957 F.3d 386, 391-92 (7th Cir. 1992 for the same proposition).

In its summary judgment brief, the government mentions that Social Security Ruling 00-4p clarifies that neither the DOT nor the testimony of a VE automatically "trumps" the other when there is a conflict. The Ruling goes on to explain that in the case of a conflict, the ALJ must "elicit a reasonable explanation for the conflict." In this case, the conflict was not brought to the attention of the ALJ, and thus there was no opportunity to obtain an explanation.[1] However, even after the plaintiff pointed it out in her motion for summary judgment, the government did not concede the issue and voluntarily request a remand, but instead attempted to justify the conflict itself. Further, it cited to Social Security Ruling 82-41, which explains that the testimony of a vocational expert is necessary when it is not obvious that a job rated "unskilled" actually can be learned in less than thirty days. The Ruling goes on to state that "[e]ven though semiskilled occupations require more than 30 days to learn, the content of work activities in some semiskilled jobs may be little more than unskilled. Therefore, close attention must be paid to the actual complexities of the job." At no time during the hearing did the government actually ask the VE about the complexities of the jobs she was suggesting that Moore could perform. Thus, we find that

---

[1] Moore proceeded *pro se* at the hearing, so she did not have an advocate to notice the inconsistencies in the vocational testimony. She hired her lawyer for this appeal, and he stated in his brief that the vocational testimony stuck out like a "sore thumb" in the transcript of the hearing.

3

the government's position in continuing to argue that there were sufficient jobs in the economy for Moore to perform did not have a reasonable basis in law, since the law required the testimony of a vocational expert.

Because the conflict between the VE's testimony and the DOT was not raised during the hearing or on appeal, we will not fault the government for pursuing its case at that point. However, the government continued to argue that we should uphold the findings of the ALJ even after the conflict was pointed out in plaintiff's motion for summary judgment, resulting in additional expenses for both parties. Thus, we award Moore attorneys' fees for the work her attorney did after filing its initial brief in support of her motion for summary judgment, a total of ten hours at a rate of $141.25 per hour. Thus, her attorney is entitled to an award of $1,412.50. Further, we award her attorney the additional reasonable fees he incurred preparing the briefs in connection with this fee petition. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: April 25, 2002

4